IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. 5-08-bk-514460 RNO |
| MICHAEL S. KISHBAUGH and : | |
| DEBRA I. KISHBAUGH, : | CHAPTER 7 |
| : | |
| Debtors : | |
| ************************************************************************ | |
| DONNA J. EVELAND, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| MICHAEL S. KISHBAUGH and : | |
| DEBRA I. KISHBAUGH, : | |
| : | |
| Defendants : | ADVERSARY NO. 5-08-ap-50169 RNO |

## **Opinion**[1]

This adversary proceeding was commenced by a five count Complaint concerning dischargeability and objections to discharge. Presently before this Court is the Defendants' Motion to Dismiss Complaint for Failure to Plead Fraud with Particularity and Failure to State a Claim upon which Relief can be Granted (hereinafter "the Motion"). For the reasons stated herein, the Motion is denied as to all counts.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) & (2)(A)&(B). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I)&(J) in that it concerns the dischargeability of a particular debt and objections to discharge.

---

[1] Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

## II. Dismissal Standard

". . . [O]n a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-1965, 1969 n. 8, 167 L.Ed.2d 929 (2007)). To survive a Rule 12(b)(6) motion, the pleadings must show plausibility. *Id*. at 234. ". . . [T]he '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965).

"[The standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n. 3 (2007)). In reviewing the Complaint, the Court must ". . . read [the] allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (referencing *Phillips*, 515 F.3d at 233).

## III. Facts

The facts set forth herein are based upon the allegations set forth in the Complaint and its attachments. The factual allegations of the Complaint are accepted as true for the purposes of deciding this Motion only.

The Plaintiff in this matter is Donna J. Eveland ("Eveland"). On December 2, 2002, Eveland signed a durable power of attorney naming the Debtor, Debra I. Kishbaugh ("Ms. Kishbaugh"), as her agent. Ms. Kishbaugh also signed the power of attorney, acknowledging

that she would exercise the power for Eveland's benefit, keep Eveland's assets separate, and keep records of all disbursements. The power of attorney was executed by Eveland due to her ill health and prior to undergoing surgery for cancer in December 2002. At the request of Ms. Kishbaugh, Eveland had $277,679.19 transferred into an investment account held by Ms. Kishbaugh. Ms. Kishbaugh then placed $110,000.00 into an investment account with the College Savings Plan of Nebraska for the benefit of Eveland's daughter.

On October 10, 2003, Ms. Kishbaugh withdrew all of the funds from the College Savings Plan and incurred a 10% withdrawal penalty. The withdrawal was done without the knowledge or consent of Eveland, and the funds were transferred to an account in Ms. Kishbaugh's name. Some of the funds held in Ms. Kishbaugh's investment accounts were then used to purchase a home in Beech Mountain Lakes for the benefit of Eveland. Ms. Kishbaugh later took a mortgage against the home and a line of credit and used most of the proceeds for her personal use. Ms. Kishbaugh later sold the Beech Mountain Lakes home, which Eveland was living in at the time, leaving Eveland homeless. On various dates, Ms. Kishbaugh moved money from the investment accounts in her name alone into joint accounts that named her and Michael S. Kishbaugh, the male Debtor in the underlying Chapter 7 proceeding (jointly hereinafter "the Kishbaughs").

The Kishbaughs used much of the funds for their own personal use and only a small part is known to have been returned to Eveland for her use and benefit. The power of attorney was revoked on February 4, 2006. A complaint against the Kishbaughs in the Court of Common Pleas of Columbia County was filed on April 10, 2006, seeking an accounting of funds from her power of attorney. On April 5, 2007, the Court of Common Pleas of Columbia County ordered Ms. Kishbaugh to account for the $277,679.19 taken from Eveland. The Kishbaughs turned over certain bank records, but the Kishbaughs did not have information to explain where the funds

3

went, since no records were kept regarding the use of Eveland's money.

On May 22, 2008, prior to the deposition of Ms. Kishbaugh's husband, Michael S. Kishbaugh, the Kishbaughs filed a Petition for Chapter 7 relief. This adversary action was filed on September 26, 2008, by Eveland. The Motion was filed on behalf of the Kishbaughs in response on October 29, 2008.

**IV.    Discussion**

The Complaint in this adversary proceeding was filed pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), 727(a)(3), and 727(a)(5)[2] and is seeking non-dischargeability of all sums owed to Eveland by the Kishbaughs and denial of the Kishbaughs' Chapter 7 discharge. As the Complaint includes allegations of fraud, it is first helpful to review the heightened pleading requirements for those claims that do, in fact, allege fraud. With the heightened pleading requirements in mind, careful consideration then can be given as to whether each count of the Complaint is sufficiently pled.

    **A.     Pleading requirements for allegations of fraud pursuant to Rule 7009**

Federal Bankruptcy Rule of Procedure 7009 applies Federal Rule of Civil Procedure 9 to bankruptcy proceedings. Subsection (b) of Rule 9 requires that allegations of fraud or mistake be stated with particularity. Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*.

Pleading fraud requires the complaint to include specificity as to the "circumstances constituting fraud" such as the "who, what, when, where, and how." *In re Dulgerian*, 388 B.R.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

4

Case 5:08-ap-50169-RNO    Doc 13    Filed 01/22/09    Entered 01/22/09 13:19:37    Desc
Main Document    Page 4 of 11

142, 147 (Bankr. E.D.Pa. 2008) (citing *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002). However, specificity can also be accomplished "through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.' " *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. V. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). *See also In re Dulgerian*, 388 B.R. at 147. "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum*, 361 at 224.

"Despite Rule 9(b)'s stringent requirements . . . 'courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.' " *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir. 1992). "Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." *Id*.

    **B.**    **The sufficiency of Eveland's Complaint.**

        **i.**    **Count I -  § 523(a)(2) claim**

The relevant portion of § 523(a) reads as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt- -
> . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained, by- -
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

5

. . .

To except a debt from a discharge under § 523(a)(2)(A) it must be shown that:

> (1) the debtor made the representations knowing they were false; (2) the debtor made the representations with the intent and purpose of deceiving the plaintiff; (3) the creditor justifiably relied on the debtor's false representations; and (4) the creditor suffered a loss or damage as a proximate consequence of the representation having been made. *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D.Pa. 2006).

Eveland has pled that her claim should be excepted from any discharge because "[b]oth defendants participated in fraudulently obtaining and using Plaintiff's funds for their own benefit." Compl. ¶ 27. In examining the Complaint in the light most favorable to the Plaintiff, Eveland has pled that specific representations were made in conjunction with the signing of the power of attorney on December 2, 2002. These representations include that Ms. Kishbaugh would keep Eveland's assets separate and that she would keep records of disbursements. Eveland has also pled that she has suffered damages as a result of actions taken by the Kishbaughs which were inconsistent with those representations. She has pled specifically that $277,679.19 was transferred to Ms. Kishbaugh. She has alleged the circumstances leading to the granting of the power of attorney and transfer of funds; specifically, her ill health and pending cancer surgery.

I find that a cause of action has been stated under § 523(a)(2), and the Motion to Dismiss Count I of the Complaint is denied.

### ii. Count II - § 523(a)(4)

Debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are excepted from discharge pursuant to § 523(a)(4). To prove defalcation while acting in a fiduciary capacity, the creditor seeking the exception to discharge ". . . must prove that: (1)

6

there was a pre-existing fiduciary relationship between debtor and the creditor; (2) debtor acted in violation of that relationship; and (3) the creditor suffered an economic loss as a consequence." *In re Baillie*, 368 B.R. 458, 469 (Bankr. W.D.Pa. 2007) (citing *Commonwealth Land Title Company v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005)). "Defalcation occurs for purposes of § 523(a)(4) when a fiduciary misappropriates or fails to account for money or other property held in trust for another. . . . Even an 'innocent' default by a fiduciary who fails to fully account for money received qualifies as defalcation in this context." *In re Baillie*, 368 B.R. at 469 (citing *Lewis v. Scitt (In re Lewis)*, 97 F.3d 1182, 1186 (9th Cir. 1996)).

For embezzlement or larceny, debts can be excepted from discharge in the absence of fiduciary capacity. *In re Giarratano*, 299 B.R. 328, 337 (Bankr. D.Del. 2003) (aff'd by *In re Giarratano*, 358 B.R. 106 (D.Del. 2004)). "Embezzlement is the 'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' " *In re Schermer*, 388 B.R. 123, 128 (Bankr. E.D.Pa. 2008). Establishing embezzlement also requires fraudulent intent to be shown. *In re Giarratano*, 358 at 337.

"Larceny, on the other hand, occurs when 'the original taking of the property was unlawful.' " *In re Schermer*, 388 B.R. at 128 (quoting *Mosier v. Oxley (In re Oxley)*, 2007 WL 2407266, *6 & n. 24 (Bankr. D.Kan. August 20, 2007). To show larceny, the creditor ". . . must show that: 1) the debtor misappropriated the subject funds for his or her own benefit; and 2) the debtor did so with fraudulent intent." *In re Giarratano*, 358 B.R. 106, 110 (D.Del. 2004) (citing *In re Hartman*, 254 B.R. 669, 674 (Bankr. E.D.Pa. 2000).

In regards to this Count, Eveland has pled the existence of a fiduciary duty through the granting of the power of attorney to Ms. Kishbaugh and the entrusting of money to be used for Eveland's benefit. The entrustment of money or property pursuant to an executed power of

7

attorney creates the fiduciary relationship necessary for an action under § 523(a)(4). *In re Baillie*, 368 B.R. at 470 (referencing 20 Pa.C.S.A. § 5601(e) and *In re Blaszak*, 397 F.3d 386, 391 (6th Cir. 2005)). Eveland has also pled that Ms. Kishbaugh violated that duty by using some of the assets for her own benefit. Finally, Eveland has pled that the consequences of this action have resulted in economic loss to herself. In regards to Mr. Kishbaugh, Eveland has pled that he received and used Eveland's money for his own benefit despite having no legal right to the money.

I find a cause of action has been stated under § 523(a)(4), and that the Motion to Dismiss Count II of the Complaint is denied.

### iii. Count III - § 523(a)(6)

Section 523(a)(6) provides an exception to discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity; . . ." 11 U.S.C. § 523(a)(6). "[An] injury is willful and malicious under § 523(a)(6) 'only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result.' " *In re Jacobs*, 381 B.R. 128, 137 (Bankr. E.D.Pa. 2008) (citing *In re Conte*, 33 F.3d 303, 305 (3d Cir. 2008).

Eveland has pled that the Kishbaughs were in control of Eveland's monies and assets. She has pled that the Kishbaughs spent that money despite knowledge that it was to be used for her benefit. She has pled that the Kishbaughs' actions have caused injury to herself. The facts alleged, which are taken as true at this stage, evidence the Kishbaughs intention to harm Eveland.

I find a cause of action has been stated under § 523(a)(6), and that the Motion to Dismiss Count III of the Complaint is denied.

### iv. Count 4 - § 727(a)(3)

8

Pursuant to § 727(a)(3), a discharge can be denied if:

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; . . .

"The purpose of § 727(a)(3) is to provide creditors and the United States trustee with adequate information concerning the debtor's financial affairs prior to entering bankruptcy. Should the debtor fail to do so, debtor must provide a justification for the failure." *In re Conde*, 386 B.R. 577, 582 (Bankr. W.D.Pa. 2008) (citing *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992). "To state a prima facie case under section 727(a)(3), a party objecting to the discharge must show that (1) the debtor failed to maintain and preserve adequate records and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Jacobs,* 381 B.R. 147, 166 (Bankr. E.D.Pa. 2008) (citing *Meridian Bank,* 958 F.2d at 1232)). A determination under § 727(a)(3) requires the court to look at all of the circumstances and evaluate everything on a "case-by-case basis." *Id*. at 1231. The basic standard is to look at what a reasonable person would do in similar circumstances. *Id*. Such an inquiry should take into account the sophistication, education, and experience of the debtor. *Id*.

Eveland has pled that Ms. Kishbaugh was entrusted with a significant amount of money beginning in December 2002. Eveland has pled that representations were made that Ms. Kishbaugh would record all disbursements. Eveland has pled that no documentation as to what happened to the transferred sum of money has been provided and that the failure to keep such records prevents the Debtors' financial condition from being ascertained.

9

I find a cause of action has been stated under § 727(a)(3), and that the Motion to Dismiss Count IV of the Complaint is denied.

### v. Count 5 - § 727(a)(5)

Discharge can also be denied under § 727(a)(5) if the debtor fails to satisfactorily explain a loss of assets. 11 U.S.C. §727(a)(5). "A bankruptcy judge has 'broad power to decline to grant a discharge where the debtor does not adequately explain a shortage, loss or disappearance of assets.' " *In re Jacobs*, 381 B.R. 147, 167-168 (Bankr. E.D.Pa. 2008). The court has discretion to determine whether an explanation is satisfactory. *Id*. " 'The explanation must appear reasonable such that the court no longer wonders what happened to the assets.' " *In re Jacobs*, 381 B.R. at 168 (citing *In re Shepherd*, 2005 WL 4147868, at 3 (Bankr. D.Kan. 2005)).

Eveland has pled the existence of a substantial amount of monies that had been transferred to accounts controlled by Ms. Kishbaugh, with the monies later transferred into joint accounts controlled by the Kishbaughs. She has pled that the ultimate disposition of the monies is unknown.

I find that a cause of action has been stated under § 727(a)(5), and that the Motion to Dismiss Count V of the Complaint is denied.

## V. Conclusion

For the reasons set forth above, the Complaint states cognizable claims under each of the five counts. The Defendants' Motion to Dismiss Complaint for Failure to Plead Fraud with Particularity and Failure to State a Claim upon which Relief can be Granted is therefore denied.

10

The Defendants shall file any answer to the Complaint within twenty days. An Order will be entered consistent with this Opinion.

Date: January 22, 2009

Robert N. Opel, II, Bankruptcy Judge

This opinion is electronically signed and filed on the same date. (BI)